UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

FAIZA RANA,

                Plaintiff,

        v.

EQUIFAX INC.,

                Defendant.

**MEMORANDUM & ORDER**
22-CV-07749 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff filed a complaint in state court asserting claims under the Fair Credit Reporting Act ("FCRA") against Defendant Equifax, Inc., which Defendant removed to this Court, purportedly pursuant to the Court's federal question jurisdiction. *See* ECF No. 1. For the reasons set forth below, since neither party has provided any information that Plaintiff suffered a concrete harm as a result of Defendant's alleged violations of the FCRA, despite the Court having given both parties an opportunity to do so, Defendant has failed to meet its burden to demonstrate that the Court can exercise jurisdiction over Plaintiff's claims. The Court therefore remands this case to the District Court of the State of New York, Suffolk County.

## PROCEDURAL HISTORY

    Plaintiff commenced this case in state court, asserting that she noticed unspecified "inaccurate information" in her credit report and wrote to Defendant disputing that information. ECF No. 1-1 ¶¶ 6–10. Plaintiff alleges that Defendant failed reasonably to investigate the disputed information, as required by 15 U.S.C. § 1681i, and that Defendant further failed to establish reasonable procedures to ensure the maximum possible accuracy of her credit report, as required by 15 U.S.C. § 1681e. *Id.* ¶¶ 11–15. Plaintiff alleges that as a result of these violations,

she "suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress." *Id.* ¶¶ 16, 23, 25. However, Plaintiff's complaint does not identify specific instances in which she was harmed by Defendant's alleged violations of the FCRA, such as the dissemination of inaccurate information to third parties or a denial of credit. *See* ECF No. 1-1. Nor does Plaintiff quantify the actual damages that she supposedly suffered; her complaint simply seeks statutory damages and attorneys' fees in the amounts authorized by the FCRA. *Id.* ¶¶ 26–29 (citing 15 U.S.C. §§ 1681n, 1681o). Plaintiff has not requested any injunctive relief, such as an injunction requiring Defendant to fix her credit report or prohibiting Defendant from distributing her credit report to third parties. *Id.*

After Defendant removed the case, the Court ordered Defendant, as the party with the burden of demonstrating jurisdiction, to file "a letter not exceeding three pages explaining why Plaintiff's complaint satisfies the 'concrete harm' requirement necessary to establish Article III standing, as described by the U.S. Supreme Court in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and the U.S. Court of Appeals for the Second Circuit in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021)." ECF Order dated Jan. 4, 2023. The Court's order permitted Plaintiff to file a responsive letter one week after Defendant's submission was due. *Id.* When the deadline in the Court's order lapsed without Defendant filing anything, the Court unilaterally extended Defendant's deadline to do so and warned that "[i]f Defendant does not respond to this order, the Court will take under consideration, *sua sponte*, whether jurisdiction exists in this case without giving Defendant further opportunity to be heard on that issue." ECF Order dated Jan. 20, 2023.

2

The Court has not received a single submission from Defendant since Defendant filed its notice of removal, nor has Plaintiff filed anything that addresses the standing issue raised in the Court's orders. Instead, Plaintiff filed a letter on January 25, 2023, representing that the parties had reached a settlement in principle and requesting 60 days to finalize a settlement agreement. ECF No. 8. More than 60 days have passed since Plaintiff filed that letter, and the Court has received no submission of any kind from the parties.

The Court deems it appropriate to decide the issue of whether Plaintiff has standing based on the parties' letters without requiring additional briefing and a formal motion. Further briefing is unnecessary because, as explained below, the clear consensus of decisions in this District applying *TransUnion* to FCRA claims demonstrates that any contention that Plaintiff's conclusory allegations of harm are sufficient to establish standing would "clearly lack merit." *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances under which the Second Circuit has approved of district courts resolving legal issues based on pre-motion letters).[1] Furthermore, remanding the case does not dispose of Plaintiff's claims or any of Defendant's defenses because the parties may continue to litigate the merits of Plaintiff's claims in state court. *See id.* Finally, the parties have demonstrated an unwillingness to file even short submissions in response to unambiguous Court orders, despite the Court's warning that it would take the issue of standing under consideration if they failed to do so, which suggests that attempting to solicit a formal motion from these parties would be an unproductive endeavor.

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

## **LEGAL STANDARD**

"The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). When a federal court lacks subject matter jurisdiction to adjudicate a removed case, the proper remedy is to remand the case to state court rather than to dismiss the plaintiff's claims. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). A court may remand on such grounds "'at any time before final judgment'" after the jurisdictional defect has been raised. *Id.* (quoting 28 U.S.C. § 1447(c)).

The Supreme Court emphasized in *TransUnion* that plaintiffs must establish standing by demonstrating a "concrete harm" with "a close historical or common-law analogue for their asserted injury," rather than merely a "defendant's violation of [a] statutory prohibition or obligation" established by Congress. *TransUnion*, 141 S. Ct. at 2204–05. The Court explained that Congress cannot "enact an injury into existence" simply by passing a statute—in that case the FCRA—that affords an otherwise "uninjured plaintiff" the right to sue for statutory damages. *Id.* at 2205–06. The Second Circuit has explained that *TransUnion's* "concrete harm" requirement means "that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm." *Maddox*, 19 F.4th at 64.

The Supreme Court applied the "concrete harm" standard in *TransUnion* to hold that certain class members asserting FCRA claims had standing while others did not. *TransUnion*, 141 S. Ct. at 2207–14. First, the Court held that class members "whose reports were

4

disseminated to third-party businesses" and contained "misleading" information had standing because they "suffered a harm with a close relationship to the harm associated with the tort of defamation." *Id.* at 2208–09. On the other hand, class members whose credit files contained misleading information but were never disseminated to third parties did not have standing because "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* at 2209–10. Since the class members in *TransUnion* were suing only for damages, the Court left open the possibility that the risk of future dissemination by a defendant maintaining an inaccurate credit report might be sufficient to support standing for a claim for injunctive relief. *Id.* at 2210–11. Finally, the Court held that certain class members who received letters from their credit reporting agency that did not comply with the formatting requirements of the FCRA lacked standing because they merely established that they were "deprived . . . of their right to receive information in the format required by statute" without any further harm. *Id.* at 2213–14.

## DISCUSSION

Plaintiff's complaint fails to allege a concrete harm that is sufficient to establish Article III standing and, therefore, the Court lacks jurisdiction to adjudicate her claims. Although Plaintiff makes the conclusory assertion that she experienced a "loss of credit," *see* ECF No. 1-1 ¶ 16, her complaint does not contain "any allegations or other support that plaintiff was in fact denied credit or that plaintiff suffered any concrete consequences as a result of an allegedly lowered credit score," and "[a] lowered credit score in and of itself is not a concrete harm." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022) (dismissing a complaint asserting FCRA claims for lack of standing). And although Plaintiff alleges that her credit report contains unspecified "inaccurate information," *see* ECF No. 1-1 ¶ 6, she has neither

5

"name[d] a third-party that has actually received a credit report with the allegedly inaccurate . . . information" nor made "any allegations that [she] applied for credit, from which the Court could reasonably conclude that . . . [Defendant] had to have disseminated [her] credit report to a third party." *Hossain v. TransUnion, LLC*, No. 22-cv-5541, 2022 WL 14058958, at *3 (E.D.N.Y. Oct. 24, 2022) (remanding to state court case in which plaintiff asserted FCRA claims). Accordingly, the Court cannot find standing based on Plaintiff's conclusory allegation that the alleged inaccuracy in her credit report has resulted in "damage to reputation, embarrassment, [and] humiliation." *See* ECF No. 1-1 ¶ 16.

Plaintiff's conclusory allegations of "mental, physical and emotional distress" are also insufficient to establish a concrete harm that confers standing. *See* ECF No. 1-1 ¶ 16. The Second Circuit has made clear that, according to the "concrete harm" test established in *TransUnion*, "[a] perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Maddox*, 19 F.4th at 66. Courts in this District have therefore found that allegations of emotional distress, unaccompanied by any factual elaboration, are insufficient to provide standing for FCRA claims. *Hossain*, 2022 WL 14058958, at *4 (holding that allegations that plaintiff "suffered emotional distress, embarrassment, aggravation, and frustration" were insufficient); *Zlotnick*, 583 F. Supp. 3d at 391–92 (holding that allegations that plaintiff "suffered mental and emotional pain" were insufficient). Since neither Plaintiff nor Defendant has provided the Court with any information about the nature of the inaccuracy at issue in Plaintiff's credit report or the amount of the purported debt associated with the alleged inaccuracy, the Court cannot infer that the alleged inaccuracy is a sufficient "stimulant" to produce an emotional reaction of the magnitude that Plaintiff alleges. *See Maddox*, 19 F.4th at 66.

**CONCLUSION**

For the reasons set forth above, Plaintiff's complaint does not adequately allege a basis for Article III standing, and Defendant has not met its burden of demonstrating the Court's jurisdiction over this removed case by putting forth any additional circumstances indicative of standing.  The Court therefore remands this case to state court.  The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to the clerk's office of the District Court of the State of New York, Suffolk County.

SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                     United States District Judge

Dated: Brooklyn, New York
        April 20, 2023